IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN W. MANNING
Reg #47026-079                                                                                      PLAINTIFF

V.                            CASE NO. 2:18-CV-93-JM-BD

B. HOY, *et al*.                                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they should be specific and must include the factual or legal basis for your objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

Plaintiff John W. Manning, an inmate at Forrest City Medium Federal Correctional Institution ("FCM-FCI"), filed his complaint without the help of a lawyer. (Docket entries #1) Federal law requires courts to review prisoner complaints before serving defendants and to dismiss any claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a

defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). When making this determination, courts accept as true all factual allegations in the complaint, and the court may consider attachments to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

According to Mr. Manning's complaint, he was transferred to FCM-FCI from FCM Butner on April 23, 2018. (#1) On April 27, 2018, he sent Defendant Hoy, the health service administrator at FCM-FCI, a request asking to be transferred back to FCM Butner or another medical care facility so that he could get needed medical care. (#1)

Defendant Hoy declined his request because Mr. Manning medical assessment was changed from Care Level 3 to Care Level 2. (#1) Mr. Manning asserts that Defendant Hoy and Defendant Moorehart, a nurse practitioner at FCM-FCI, changed him to Care Level 2 without consulting with a physician, in violation of his federally protected rights. (#1)

Mr. Manning attached a letter to his complaint from Warden Beasley signed on May 24, 2018, that explains Mr. Manning's change to Care Level 2:

> A review of this matter revealed that you are appropriately listed as a Care Level 2 inmate. During your prior incarceration at FMC Butner, you were being treated for prostate cancer and received several rounds of chemotherapy. Currently, you do not require that level of care. You also received stent placement in one of [your] coronary arteries and required a higher level of care in 2013 while designated to FMC Butner. Currently, your medical diagnosis including diabetes type II, high cholesterol, history of seizures, high blood pressure, history of prostate cancer, history of cardiac stent placement, history of stroke, and chronic obstructive pulmonary disease. These medical diagnoses are stable and manageable in a Care Level 2 institution.

(#1, p.24)

The Eighth Amendment's protection against cruel and unusual punishment prohibits prison officials from deliberately ignoring inmates' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-08 (1976). To succeed on an inadequate-medical-care claim, a prisoner must prove that he had an objectively serious medical need and that prison officials actually knew of the need, but deliberately disregarded it. *Id.*; *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

The standard for deliberate-indifference conduct is high. Negligence, gross negligence, and disagreement with the treatment decisions cannot support a claim of deliberate indifference. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). To state a claim, Mr. Manning must allege facts showing that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Here, Mr. Manning has not alleged that Defendants disregarded any serious medical need since his incarceration at FCM-FCI; nor has he alleged that he suffered any harm as a result of his placement in facility that provides only Care Level 2 services. See 42 U.S.C. § 1997e(e) (prisoner cannot recover damages, "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (holding as a matter of law that prisoner could not prevail on his inadequate care claim without evidence of actual harm).

Even if all of Mr. Manning's allegations are true, his reassignment from Care Level 3 to Care Level 2 without a physician's approval, standing alone, fails to state a federal claim for relief. Likewise, even if the Defendants violated a prison rule or regulation by reassigning Mr. Manning without a doctor's approval, he has not stated a federal claim for relief. Prison officials do not violate the constitution when they fail to adhere to internal prison rules or regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996).

For these reasons, Mr. Manning's complaint fails to state a claim which entitles him to federal relief.

### III. Conclusion:

The Court recommends that Mr. Manning's claims against the Defendants be DISMISSED, without prejudice.

DATED this 20th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE